**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| ANNETTE MORIARTY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 09 C 3969 |
| ) | |
| ANITA ALVAREZ, in her individual ) | Hon. Rebecca R. Pallmeyer |
| and official capacities as Cook County, ) | |
| Illinois State's Attorney, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Annette Moriarty, formerly a court reporter employed by the Cook County State's Attorney, claims the State's Attorney failed to pay overtime to which she is entitled under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 215(a)(3); instructed her to falsify her time records; and then terminated her in retaliation for her complaints about this unlawful practice. In her First Amended Complaint, filed on August 20, 2009, Plaintiff alleges a claim of retaliation in violation of the FLSA (Count I), a claim for failure to pay overtime in violation of FLSA (Count II), and an Illinois common law claim of retaliatory discharge (Count III). Counts I and II are brought against State's Attorney Anita Alvarez in her individual and official capacities, and Count III against Alvarez in her official capacity only. Defendant has moved to dismiss ithe individual capacity claims and moves to dismiss Count III entirely. For the reasons stated here, the motion is granted in part and denied in part.

**FACTS**

The alleged facts, presumed true for purposes of this motion, establish the following: Plaintiff is a court reporter who was employed by the State's Attorney from August 1981 through April 8, 2009. (Amended Complaint ¶ 2.) Plaintiff's work was exemplary, and she received no negative criticism in her 27 years of service. (*Id.* ¶ 10.) In February 2007, two court reporters were laid off, a third retired, and two more were placed on part-time status; to compensate for the short staffing,

Plaintiff worked very hard to produce transcripts and assist her coworkers. (*Id.* ¶¶ 12, 13, 16.) She received no compensation for her overtime work in 2007 and received only "straight time" pay for her overtime work in 2008. (*Id* ¶¶ 15, 17.) In January 2009, Plaintiff "was told" (the complaint does not say by whom) that "she would no longer be paid overtime" and that she should complete time sheets reflecting no more than 40 hours per week, regardless of the fact that she worked substantially more hours. (*Id.* ¶ 18.) Plaintiff complained about this practice, which she characterized as unlawful, on March 6, 2009, and was discharged as a result. (*Id.* ¶¶ 19, 20.) Plaintiff alleges that this "decision was made personally by Ms. Alvarez in whole or in part, directly or indirectly," and that Defendant provided "no reason or justification" for her discharge, which resulted in the loss of Plaintiff's employment and pension rights. (*Id.* ¶ 20.)

## DISCUSSION

Federal Rule of Civil Procedure 8(a)(2) requires only that a complaint set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." This liberal notice pleading standard "is intended to focus litigation on the merits of a claim rather than on technicalities that might keep plaintiffs out of court." *Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009) (internal quotation omitted). The Supreme Court has explained that although Rule 8 does not require "detailed factual allegations," it demands more than mere recitation of the elements of a cause of action. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint must contain sufficient factual matter, accepted as true, to "state a claim that is plausible on its face." *Ashcroft v. Iqbal*, ___ U.S. ___. 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 555). The court is directed to presume that factual allegations are true, but this tenet "is inapplicable to legal conclusions." *Iqbal*, 129 S. Ct. at 1949. Thus, some allegations may be "so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claim," and the court should not accept "abstract recitations of the elements of a cause of action or conclusory legal statements" as adequate to state a claim. *Brooks*, 578 F.3d at 581.

Applying these standards, the court concludes that Plaintiff's allegations are insufficient to state claims against Defendant Alvarez. In Count I, Plaintiff alleges that she "complained" about an unlawful pay practice and was discharged one month later. The Fair Labor Standards Act prohibits the "discharge . . . [of] any employee because such employee has filed any complaint" under the FLSA. 29 U.S.C. § 215(a)(3). In this Circuit, an informal complaint to the employer is protected under this section only to the extent that such a complaint was made in writing. *Kasten v. Saint-Gobain Performance Plastics Corp.*, 570 F.3d 834, 837-38 (7th Cir. 2009) (finding that the plain meaning of the word "filed" implies a physical document). Plaintiff's complaint says nothing about the manner or method in which she complained about the alleged wrongdoing. More importantly, she has not even identified the person or persons to whom she complained. Thus, although Plaintiff alleges conclusorily that the decision to discharge her "was made personally by Ms. Alvarez," she has not even alleged that Ms. Alvarez herself was aware of Plaintiff's complaint. Unless she was aware of the complaint, Ms. Alvarez's allegedly personal decision to discharge Plaintiff could not have been retaliatory.

Count II charges Ms. Alvarez with failing to comply with FLSA requirements for overtime pay. Again, controlling authority suggests the allegations are insufficient. The Seventh Circuit has held that an individual may be liable for failure to comply with FLSA pay standards only if: (1) she had supervisory authority over the plaintiff; and (2) she was at least partly responsible for the alleged violation. *Riordan v. Kempiners*, 831 F.2d 690, 694 (7th Cir. 1987); *see also* 29 U.S.C. § 203(d). Plaintiff has not even made conclusory allegations of Ms. Alvarez's involvement in pay determinations, and the court presumes that the State's Attorney herself is not directly involved in calculating wages and cutting checks. Absent additional factual allegations that would link Ms. Alvarez with the decision to require Plaintiff to work overtime hours without compensation, the individual capacity claims against the State's Attorney will be dismissed.

In Count III, Plaintiff alleges that her discharge constitutes the common law tort of retaliatory

3

discharge.  Illinois courts have found such a tort where an employee is discharged for having reported wrongful conduct or an unsafe condition that affects the health, safety, or welfare of Illinois residents as a whole.  *Palmateer v. International Harvester Co.*, 85 Ill.2d 124, 421 N.E.2d 876 (1981).  The tort has three elements: that plaintiff was discharged, that the discharge was in retaliation for her activities, and that the discharge violates a clear mandate of public policy. *Belline v. K-Mart Corp.,* 940 F.2d 184, 186 (7th Cir. 1991) (applying Illinois law, employee's evidence that he was discharged for reporting suspicious behavior on the part of his supervisor survives summary judgment).

Plaintiff's allegations are sufficient on their face to establish the first two elements.  Plaintiff was employed as a court reporter for 27 years and had an allegedly unblemished record.  After staffing cutbacks, Plaintiff's continued productivity was presumably all the more essential, yet Defendant discharged her on April 8, 2009, just one month after she complained about what she contends is an unlawful policy.  Citing *McGrath v. CCC Information Services, Inc.*, 314 Ill. App. 3d 431, 438, 731 N.E.2d 384, 389-90 (1st Dist. 2000), Defendant argues that a complaint about its pay practices could not support a retaliatory discharge claim.  In *McGrath*, the court affirmed dismissal of a retaliatory discharge claim based upon allegations that plaintiff was discharged after he filed suit under the Illinois Wage Payment and Collection Act,, 820 ILCS 115/2 *et seq.,* for recovery of stock options and a bonus.  Defendant characterizes Plaintiff Moriarty's complaint in this case as an objection to being denied overtime pay, akin to the lawsuit for bonus payments at issue in *McGrath*.

Though the evidence may support that characterization, Plaintiff urges that her complaint was aimed at Defendant's insistence that she falsify time records in violation of federal law.  In several Illinois cases, reports of federal violations have given rise to claims of retaliatory discharge. *Brandon v. Anesthesia & Pain Management Assocs., Ltd.*, 277 F.3d 936, 942 (7th Cir. 2002) (collecting cases).  The court concludes that Plaintiff has sufficiently alleged that her discharge

4

violated public policy and denies the motion to dismiss Count III.

## CONCLUSION

The motion to dismiss (7) is granted in part and denied in part. Counts I and II are dismissed as against Defendant Anita Alvarez in her personal capacity. The motion is otherwise denied, and Defendant Cook County is directed to file its answer to the Amended Complaint within 21 days.

ENTER:

Dated: January 22, 2010

_____
REBECCA R. PALLMEYER
United States District Judge